UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KYLA ESTES,<br><br>          Plaintiff,<br><br>     v.<br><br>JONATHAN LaVOI and JANE DOE LaVOI; JUDITH AND KEVIN LaVOI; and RACHEL AND JOHN DOE LaVOI,<br><br>          Defendants. | Case No. C14-1298RSM<br><br>ORDER OF DISMISSAL |

This matter comes before the Court on *pro se* Plaintiff's Motion for Temporary Restraining Order (#4) filed in the above-captioned case. For the reasons set forth below, the Court DISMISSES this action for lack of subject matter jurisdiction and therefore STRIKES the motion as moot.

Plaintiff has brought two related matters before the Court alleging civil rights violations under 42 U.S.C. § 1983. *Estes v. LaVoi, et al.*, Case No. C14-1298RSM and *Estes v. Cahan, et al.*, Case No. C14-1300RSM. In the first Complaint, Plaintiff sets forth numerous allegations of past domestic violence by the father of her minor son, Defendant Jonathan LaVoi, whom she also accuses of hiding her child from her. *Estes v. LaVoi*, Case No. C14-1298RSM, Dkt. #3.

ORDER OF DISMISSAL
PAGE - 1

She further alleges that relatives of Mr. LaVoi, Defendants Judith, Kevin and Rachel LaVoi, have been harassing her. *Id.* As a result, she asks this Court to grant her sole custody of her son, issue a variety of protective orders precluding any of the LaVoi family members from contacting her or her children, and asking the Court to remove a parenting plan from the jurisdiction of the State Court and accept jurisdiction over it in this Court. *Id.* at Dkts. #3, #4 and #5.

In the second, related Complaint, Plaintiff names as Defendants all King County Superior Court Judges, including Judge Regina Cahan and Judge Palmer Robinson, alleging that the Judges have not been performing their jobs correctly, and asking the Court to give her sole custody of her son and enter a variety of restraining orders against Mr. LaVoi and his family. *Estes v. Cahan, et al.*, Case No. C14-1300RSM, Dkt. #4.

As federal courts are courts of limited jurisdiction, a plaintiff bears the burden of establishing that his case is properly filed in federal court . *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994); *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the federal court to assert subject matter jurisdiction over the action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S. Ct. 780, 785, 80 L. Ed. 1135 (1936). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, when it appears that subject matter jurisdiction is lacking, the Court "shall dismiss the action" and may do so on its own initiative. *Munoz v. Mabus*, 630 F.3d 856, 860 (9th Cir. 2010) (explaining that even if not raised by the parties, a federal court has an independent obligation to address subject matter jurisdiction before turning to the merits); *Csibi v. Fustos*, 670 F.2d 134, 136 n.3 (9th Cir. 1982) (noting that

"[l]ack of subject matter jurisdiction can be raised by a court's own motion at any time"). An action may be dismissed for lack of subject matter jurisdiction, without leave to amend, when it is clear that the jurisdictional deficiency cannot be cured by amendment. *May Dep't Store v. Graphic Process Co.*, 637 F.2d 1211, 1216 (9th Cir. 1980). "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

In this case, the Court finds that it lacks subject matter jurisdiction over Plaintiff's Complaint because, although captioned as one arising under 42 U.S.C. § 1983, Plaintiff fails to actually allege such a claim or any other basis for federal jurisdiction. On a § 1983 claim, a plaintiff must show that (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived the plaintiff of a federal constitutional or statutory right. 42 U.S.C. § 1983. A review of the instant Complaint reveals no facts supporting such a claim, even when construed liberally toward this *pro se* Plaintiff. Ms. Estes has failed to allege, and most likely cannot show, that the private party defendants acted under color of law. Moreover, Ms. Estes has failed to allege any violation of a right guaranteed by the United States Constitution. Further, given the nature of the Complaint, which appears to be related to a custody dispute with Mr. LaVoi, the Court can find no other basis for federal jurisdiction. For these reasons, the Court also finds that amendment would be futile.

Accordingly, the Court hereby finds and ORDERS:

(1) This matter, *Estes v. LaVoi, et al.*, Case No C14-1298RSM, is DISMISSED for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

(2) Plaintiff's pending Motion for Temporary Restraining Order (Dkt. #4) and Motion to Remove Parenting Plan (Dkt. #5) are STRICKEN AS MOOT.

(3) This case is now CLOSED.

(4) The Court will address Plaintiff's related case, *Estes v. Cahan, et al.*, Case No. C14-1300RSM, by way of separate order.

(5) The CLERK shall forward a copy of this Order to *pro se* Plaintiff by U.S. Mail.

DATED this 2 day of September 2014.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE